The case came to a hearing, and afterwards Chancellor Rutledge delivered the decree of the court:
This we believe to be a new case, no precedent having been adduced to shew that it ever has been determined in this country anterior to the revolution, which is more than probable it never was, as the proceedings of the court under the royal government were extremely relaxed; and since the establishment of this court in 1 f84, we are pretty certain the' question has never been formally discussed. Whatever may be the law in Great Britain on this subject, from which our jurisprudence has been principally derived, there are a variety of local circumstances which render it not only highly improper, but almost impracticable that it should be adopted in this country.* The case before us proves the position, for scarcely would a purchaser be found of trust estates who would be inclined to be saddled with the inconvenience and embarrassment of see. ing that the purchase money was applied to the purposes *379 of the trust. It has never heretofore been determined that he should, and we will not now establish a precedent, for it might tend exceedingly to embarrass, if not shake to the foundation, the titles of very many persons who have heretofore purchased at the sales of the trust estates without the remotest idea of responsibility, as to the application of the purchase money. We do not say that where property has been conveyed in trust for the payment*of debts, or other specific purposes,- that it is not the duty as well.as the interest of purchasers at such sales to attend to the right appropriation of the money ; but in cases like the present, and others that may be assimilated to it, purchasers are not, and ought not to be considered in the same light as trustees, and intrude themselves on the parties to see that the purchase money is applied as the trust deed directs, because the cestui que' trust joining in the conveyance-with the trustee, it is his particular duty as well as his interest to see the trust money properly applied, and if he finds the trustee disposed to misapply it, he can Immediately apply to this coiprt for redress. The court are therefore of opinion and decree, that in this case the complainant is not obliged to attend to the disposition of the purchase money of the estate in bill mentioned, conceiving that the ce&tuisque trust, who are parties to the conveyance, are fully competent, and the only persons who ought to interest themselves in the business. The trustee not having been changed in the manner the law directs, *380 that should be done, and the conveyances to complainant be then made as the deed directs, or the original trustee may join in the conveyance.

Note. — The question in this case, whether the purchaser was bound to see to the application of the purchase money, to the purposes of the trust, arose from some decisions in the English Court of Chancery, which however had never been acted Upon in this country, though they had never been denied to be the law of the court on the subject, in cases to which it might apply.
The general doctrine appears to be as follows : That if an estate be devised by will or directed or authorized by deed, to be sold for the payment of debts, which are enumerated or stated in a schedule, there, unless the trustees are authorized to receive the money, and g-ive receipts, the purchaser is bound to see to the purchase money being applied to the payment of those debts. But he is not bound td see to *379 the application where the trust is to pay debts generally. See the rule laid down and illustrated, and the exceptions made in the fallowing' cases. Abbot v. Gibbes, 1 Equity Cases abr. 358. Spalding v. Shalmer, 1 Vern. 301, Dunch v. Kent, 1 Vern. 260, Rogers v. Skillicorne. Ambler 188, Lloyd v. Baldwin. 1 Ves. sen. 173, Ithell v. Beane, 1 Ves. sen. 215, Smith vs. Guyen. 1 Bro. C. C. 186, Tenant v. Jackson; Cotton v. Everall, and Langley v. Oxford. 1 Bro. C. C. 186. (n. to 3d edition.) Jebb v. Abbot. Butler’s notes to 14th edit, of Co. Litt. 290 Williamson v. Curtis. 3 Bro. C. C. 96, Jenkins v. Hiles. 6 Ves. 654, Braybook v. Inskeep. 8 Ves. 417, M’Queen v. Farquhar. 11 Ves. 467, Balfour v. Welland, 16 Vesey, 151. See the doctrine well stated, and the cases collected, classed and reconciled in Sudgen’sLaw of Vendors, Chapter 12, p.352.